Dear Mr. Hodgkins:
Your association has requested that our office review recently enacted legislation dealing with self help repossession that went into effect on January 1, 2005. Specifically, you ask that our office address the procedure issues as they affect various sheriff offices across Louisiana.
Acts No. 191 and No. 814 amended La.R.S. 6:965 and La.R.S.6:966 as well as enacting La.R.S. 6:966.1. The statutes provide additional remedies on default by a debtor under a secured transaction, entitling the secured party to obtain possession and dispose of motor vehicles in which they have a security interest. These new remedies are in addition to other remedies applicable to security interests affecting various collateral.
La.R.S. 6:965 defines "default" as a non-payment of two consecutive payments on the date due. It also provides that in the event payments are required to be made more frequently than on a monthly basis a "default" shall mean non- payment for a period of 60 days. The statute was also amended to include a "lessor of a motor vehicle" as a secured party.
La.R.S. 6:965 also provides a definition of a "breach of peace." The definition includes both the unauthorized entry by a repossessor in a closed dwelling, whether locked or unlocked, and an oral protest by a debtor to the repossessor against repossession prior to the repossessor seizing control of the motor vehicle. Both of these actions, according to the statute, would constitute a breach of the peace by the repossessor.
The Commissioner of Financial Institutions has been given authority to issue licenses to repossession agencies and agents. Those rules were recently promulgated, and are found in the Louisiana Administrative Code, Title 10 Part XV, Chapter 13.
The rules that provide that a repossession agent shall notify the appropriate law enforcement agency immediately after the motor vehicle repossession and shall provide the law enforcement agency with a description of the vehicle, vehicle license plate number, vehicle identification number, name of debtor, name of secured party, and the address in which the repossession occurred. The rules further state that an agent shall at all times carry his identification card issued by the Commissioner along with his pictured driver's license and shall have documentation authorizing the repossession of the vehicle and a copy of the repossession notice sent by the secured party to the debtor.
The rules also prohibit a repossession agent from identifying himself with a name or repossession agency other than the one for which he is licensed, nor may the agent carry a dangerous weapon on his person or in his vehicle when repossessing a motor vehicle. The agent is also prohibited from wearing any clothing, badge, insignia, or any other item usually identified with law enforcement officers.
Under the rules, the repossessor must inventory all personal property in the vehicle, and if any weapons or drugs are found in the vehicle, they must be turned over immediately to a law enforcement agency which shall give a receipt to the repossessor for said drugs or weapons. Combustibles, food, and health hazards are also to be inventoried and disposed of in a reasonable, safe and legal manner.
La.R.S. 6:966.1 provides that within three days of taking possession of the vehicle, the secured party shall file a "Notice of Repossession" with the recorder of mortgages in the parish where the vehicle is located, as well as, with the "appropriate official." This repossession notice must contain the debtor's name, the last know address, date of birth, and the description of the motor vehicle repossessed. The statute states that the appropriate official shall be:
 The constable of the Justice of the Peace Court, if the debtor's last known address is within the election district of the Justice of the Peace Court and the outstanding balance is within the jurisdictional limits ($3,000).
The constable or marshal of the City Court, if the debtor's last known address is within the geographic boundaries of the City Court and the outstanding balance is within the jurisdictional limits of the City Court.
The sheriff for the parish of the debtor's last known address, if there is no other appropriate official as defined above.
 The statute also provides that the secured party shall pay $75 to the recorder of mortgages and $250 to the appropriate official for each "Notice of Repossession" filed. The statute does, however, exclude the Sheriff of Orleans Parish from collecting the fee for the "Notice of Repossession," but still requires the notice to be filed with the sheriff of that parish.
While the Commissioner has the power to revoke licenses for violations and report violations to the Attorney General and the district attorney of the appropriate parish, a debtor, who's property has been taken in violation of these statutes, may have a civil cause of action against the secured party, the repossession agency, as well as the repossession agent for a wrongful seizure and may subject the agency and the agent to criminal prosecution.
I believe the above addresses your concerns. Should you have additional questions, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./sfj